## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT/ARREST WARRANT

Your affiant, Erick X. Nunez, being duly sworn and deposed, states as follows:

## INTRODUCTION

1. Your affiant is a Special Agent (S/A) with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and is an investigative or law enforcement officer of the United States (U.S.) within the meaning of Title 18, United States Code (U.S.C.), Section (§) 2510(7) and is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, U.S.C., § 2516 and is cross-designated with Title 21 authority.

2. Your affiant was previously employed as a Master Police Detective with the Newport News Police Department (NNPD), in Newport News, Virginia for approximately seven years. Your affiant attended and graduated a Basic Law Enforcement Training Academy and received training and have participated in thousands of investigations of various local, state, and federal laws. Your affiant is currently employed as a S/A with HSI and is assigned to the Office of the Assistant Special Agent in Charge, Norfolk, Virginia (VA). Your affiant has been employed by HSI since May 2023, during which time your affiant completed the Criminal Investigator Training Program and the HSI Special Agent Training programs at the Federal Law Enforcement Training Center. Your affiant has received specialized training regarding the detection and investigation of drug trafficking organizations while with the police department and HSI. Your affiant has also acquired knowledge regarding these subject areas through practical experience by participating in narcotics investigations during his work with the police department and HSI.

3. Your affiant has probable cause to believe that **Charley Bee JIMMERSON** (hereinafter

referred to as **JIMMERSON**) has committed the following offenses in violation of federal law: Possession of Cocaine with the Intent to Distribute (*Title 21 U.S.C. § 841(a)(1)*), Possession of a Machine Gun *(Title 18 U.S.C. § 922(o))*, Possession of a Firearm by a Prohibited Person *(Title 18 U.S.C § 922(g)(1))*, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime *(Title 18 U.S.C. § 924(c))*.

## PROBABLE CAUSE IN SUPPORT OF ARREST WARRANT

4. On Friday, April 12, 2024, members of the Hampton Police Division's Special Investigations Unit were investigating a drug activity complaint in the area of LaCrosse Street and Chamberlain Avenue, in Hampton, Virginia. The investigative team observed an individual, later identified as **JIMMERSON**, conducting a suspected hand-to-hand narcotics transaction.

5. Hampton Police observed **JIMMERSON** driving a red Nissan Titan and observed the vehicle traveling 42 miles per hour in a posted 25 mile per hour zone. A traffic stop was conducted. During the traffic stop, a trained narcotics canine arrived on scene and conducted a free air sniff of the vehicle; positively alerting to the odor of narcotics coming from the vehicle.

6. A search of the vehicle was conducted. In the center console, the investigative team located approximately 200 grams of cocaine – prepackaged into distributable quantities, as well as suspected fentanyl/heroin mixture into distributable quantities, approximately $1900.00 in U.S. Currency, as well as a Glock 32 handgun, equipped with an auto-seer switch to convert the firearm to become a fully automatic machine gun.

7. **JIMMERSON** has been previously convicted of five felonies: Possession of a Controlled Substance in 2004, Possession of a Firearm by a Convicted Felon in 2006, Possession of a Controlled Substance in 2006, Possession of a Firearm by a Convicted Felon in 2010 and Shooting

with the Intent to Maim or Kill in 2011. JIMMERSON has not had his firearms rights restored and is aware of his status as a felon.

8. The firearm was preliminarily examined by a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) who found that the firearm was manufactured outside of the Commonwealth of Virginia and was designed to operate as a fully automatic machine gun. Therefore, **JIMMERSON's** possession of the firearm effected Interstate Commerce.

9. Based on my training and experience, I know that individuals involved in the trafficking of narcotics are often armed with firearms. They possess these firearms to protect themselves, their narcotics and their money from other drug traffickers, and drug users. The firearms also serve to intimidate others. In this case the quantity of narcotics and the large amount of currency are emblematic of the items that need protecting.

10. This affidavit contains only enough information to establish probable cause and does not contain all the facts or information known to members of the investigative team.

11. WHEREFORE, based upon the above information, your Affiant believes probable cause exists to charge **Charley Bee JIMMERSON** has committed the following offenses in violation of federal law: Possession of Cocaine with the Intent to Distribute *(Title 21 U.S.C. § 841(a)(1))*, Possession of a Machine Gun *(Title 18 U.S.C. § 922(o))*, Possession of a Firearm by a Prohibited Person *(Title 18 U.S.C § 922(g)(1))*, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime *(Title 18 U.S.C. § 924(c))*.

FURTHER YOUR AFFIANT SAYETH NOT.

Erick X. Nuñez, Special Agent
Homeland Security Investigations,
Norfolk, Virginia

Reviewed by:

Eric M. Hurt
Assistant United States Attorney

Sworn and subscribed to
before me on this
29th day of August 2024

Lawrence R. Leonard
United States Magistrate Judge
Norfolk, Virginia